17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 OGDEN ALLIED BUILDING & AIRPORT SERVICES, INC., Appellant,
v.
GENERAL SERVICES ADMINISTRATION, Appellee.
 No. 93-1267.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, ARCHER, and LOURIE, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Ogden Allied Building & Airport Services, Inc. (Ogden) appeals from the decision of the General Services Board of Contract Appeals (board), No. GSBCA 11788 (Dec. 2, 1992). The board affirmed the contracting officer's denial of Ogden's request for an equitable adjustment in its service contract to cover an increase in worker's compensation premiums. We affirm.
 
 DISCUSSION
 
 2
 When possible, a contract must be interpreted as a whole in a manner which gives reasonable meaning to all its parts and avoids conflict or surplusage of its provisions. Granite Constr. Co. v. United States, 962 F.2d 998, 1003 (Fed.Cir.1992).
 
 
 3
 On August 28, 1988, Ogden was awarded a contract to perform various maintenance and janitorial services in two federal buildings in Houston, Texas. The contract contained four option periods and a price adjustment clause which would adjust the contract price in each option period. The government exercised its first three options under the contract.
 
 
 4
 In the third option period, Ogden was required to pay higher worker's compensation premiums due to an increase in the state imposed rate. Ogden contends that the price adjustment clause obligates the government to pay for these additional premiums because subsection (e) of the price adjustment clause states that the "option price[ ] will be adjusted ... based on the ... minimum hourly wages and fringe benefits to be paid."[1] We are not persuaded that this interpretation is correct because several provisions of the contract would conflict with subsection (e). See Granite Constr., 962 F.2d at 1003.
 
 
 5
 The instant contract clearly and unambiguously states that Ogden shall provide worker's compensation "at its own expense." The contract also requires in subsection (d) of the price adjustment clause that in "determining the percentage of increase or decrease in labor costs, the wage determination being applied to the option period will be compared with the wage determination that applied during the initial contract period." Neither wage determination included worker's compensation. Moreover, if subsection (e) of the price adjustment clause were read to require the government to pay for increases in Ogden's worker's compensation premiums, the conflicting provisions create a patent ambiguity and Ogden would have had a duty to inquire prior to bidding and award of the contract. See Newsom v. United States, 676 F.2d 647, 649 (Ct.Cl.1982). The record does not reflect that Ogden made any such inquiry. Therefore, evaluating the contract as a whole, we conclude that the board did not err in affirming the contracting officer's denial of Ogden's request for equitable adjustment.
 
 
 
 [1]
 We do not decide whether worker's compensation premiums can be classified as fringe benefits under the Service Contract Act, 41 U.S.C. Secs. 351 et seq., because of our holding that other provisions of the instant contract require Ogden to assume the obligation for such premiums at its own expense